**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**Jose MARTÍNEZ–CINTRÓN,**
**Defendant.**

**No. Crim. 00–0335(DRD).**

United States District Court,
D. Puerto Rico.

March 21, 2001.

Michelle Morales, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for Plaintiff.

Hector E. Guzman–Silva, Federal Public Defender's Office, San Juan, PR, for Defendent.

## ORDER

ARENAS, United States Magistrate Judge.

■ On February 6, 2001, the defendant filed a motion requesting exclusion of the fingerprint evidence, and particularly latent fingerprint evidence, which the United States proposes to introduce at trial. The motion was opposed and I denied the same. I believe it is error to deny the motion without explanation[1] and thus revisit the matter on my own motion.

Rule 702, Federal Rules of Evidence, now reads as follows:

**Testimony by Experts**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed.Rule Evid. 702. (As amended Apr. 17, 2000, eff. Dec. 1, 2000.)

■ The recent amendment to the Rule 702 was the natural reaction to the Supreme Court's decision, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *See* Michael H. Graham, The *Daubert* Dilemma: At Last a Viable Solution?, 179 F.R.D. 1 (1998). Consequently, as in *Daubert*, and as codified in Rule 702 as amended, it is clear that if the proffered opinion evidence is based upon sufficient facts or data, and is the product of reliable principles and methods, and if the witness has applied the principles and methods reliably to the facts of the case, then such opinion is considered reliable and thus admissible.

The defense argues to the court that there are numerous flaws in the methodology of latent fingerprint identification which makes evidence of such prints completely unreliable. First the defense argues that the premises upon which the expert will rely are false. Those premises are that two or more people cannot possi-

---

1. In my original ruling, I took for granted that the reliability of a fingerprint technician's methods is properly taken for granted (like saying the sky is blue or the sun rose in the east yesterday, *see United States v. Havvard*, 117 F.Supp.2d 848, 849 (S.D.Ind.2000)) but it appears that at very least such methods may require an appropriate proceeding where cause for questioning the expert's reliability arises. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

bly share a given number of basic ridge characteristics in common, and fingerprint examiners can reliably assert absolute identity from latent print fragments despite the unknown degree of distortion and variability from which all latent prints suffer. The defense argues that there has been no testing of these premises, that there is no known error rate for latent fingerprint examiners, that examiners do not possess uniform objective standards to guide them in their comparisons, that there is no general consensus from fingerprint examiners as to how many matching ridge characteristics it takes to make a positive identification, that professional literature of the fingerprint community confirms the scientific bankruptcy of the field, that latent fingerprint identifications are analogous to other techniques, such as handwriting analysis and hair fiber comparisons, that (some) federal courts have found unreliable in the wake of *Daubert*, that latent fingerprint identifications do not have non-judicial applications, and that the lack of reliability of latent fingerprint identifications has already been judicially recognized.

Against the onslaught of the defense arguments, the United States relies on *United States v. Havvard*, 117 F.Supp.2d 848 (S.D.Ind.2000), proceeds through the traditionally relied upon *Daubert* factors, and insists that notwithstanding the extensive defense motion to exclude expert testimony directed to latent fingerprints, fingerprint evidence has been used for the last hundred years for judicial purposes, and the precedence for its use more than satisfies the four-prong *Daubert* standard, that is, testing, peer review, error rates, and acceptance in the relevant scientific community.

■ Not to belittle such oft-cited standard, the standard I focus on is the one now included in Rule 702, Federal Rules of Evidence. That standard is threefold and I address it tersely.

1. Testimony based upon sufficient facts or data

In this case, the government proposes that in evaluating the error rate of fingerprint evidence the court should take into consideration that the court will confront not one but ten latent fingerprints which will be compared with a known exemplar set of fingerprints already on file.[2] Without being familiar with the standard used by fingerprint technicians in making comparisons, I find as a threshold matter that the fingerprints already in possession of the government when compared with ten latent fingerprints may arguably produce sufficient data to assist the trier of fact to determine a fact in issue.[3]

2. Testimony is product of reliable principles and methods

*Daubert* provides a *numerus apertus* discussion of factors for a trial court to consider in determining reliability. *See, e.g., Ruiz–Troche v. Pepsi Cola of Puerto Rico Bottling Co.,* 161 F.3d 77, 81 (1st

**2.** The proffer is that among the findings of the fingerprint technician are that three fragments of a fingerprint found on a form correspond to the defendant's left thumb, four fragments in that same form correspond to defendant's right thumb. Two fragments from the other thumb correspond to defendant's right middle finger and thumb, and another fragment corresponds to the defendant's right thumb.

**3.** It appears that traditionally in the United States a match of six to eight characteristics is required to prove identity, although most experts prefer ten to twelve. In English courts, fourteen to-sixteen matches are required. *See United States v. Havvard,* 117 F.Supp.2d at 853.

Cir.1998). One such factor is whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give. *See* Fed.R.Evid. 702 Advisory Committee Notes, 2000 Amendments; *Kumho Tire Co. v. Carmichael*, 526 U.S. at 151, 119 S.Ct. 1167. Hand in hand with this premise is the fact that the data of latent fingerprint comparison can be tested, falsified in a *Daubert* sense.[4] *See United States v. Havvard*, 117 F.Supp.2d at 854. Furthermore, fingerprint technicians, much like handwriting experts, follow principles and use methods, that are recognized in their particular field of expertise.

3. Witness has applied principles and methods to the facts of the case.

It is mete to point out that since *Daubert* and *Kumho Tire Co.*, rejection of expert testimony is the exception rather than the rule.[5] Once accepted at trial, this does not mean that testimony that is the product of competing principles or methods in the same field of expertise is not allowed. *See* Fed.R.Evid. 702 Advisory Committee Notes, 2000 Amendments; *see, e.g., Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 160 (3rd Cir.1999). Vigorous cross-examination, which the fingerprint technician will apparently undergo in this case, will help reveal whether the expert has applied the relevant principles and methods to the facts or data of the case. That latent fingerprints, with all of the atmospheric variables that may effect their clarity, may present a challenge to a fingerprint technician, in comparing the same to a known exemplar, is not a reason to believe that the witness will not apply known principles

and methods to the collected data. Again, this is a subject for cross-examination.

■ The defense attacks the very nature of the expertise of interpreting latent fingerprints. However, Rule 702 does not create "a schematism that segregates expertise by type while mapping certain kinds of questions to certain kinds of experts." *Kumho Tire Co. v. Carmichael*, 526 U.S. at 151, 119 S.Ct. 1167. After all is said and done, the trial judge, as gatekeeper, must continue to have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. *Id.* at 152, 119 S.Ct. 1167. This means that the judge in this case must first determine whether the expert witness is qualified and has specialized knowledge as required under Rule 702. *Bogosian v. Mercedes–Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1997). Then the judge must determine if the proposed subject matter of the expert witness, fingerprint and latent fingerprint analysis, properly concerns technical or other specialized knowledge. Finally, the court must perform a gatekeeping function to determine whether the testimony is based upon reliable principles and methods when taking into consideration the data or facts relevant to the case. *Id.; Vadala v. Teledyne Indus., Inc.*, 44 F.3d 36, 39 (1st Cir.1995); Fed.R.Evid. 702 Advisory Committee Notes, 2000 Amendments. The court cannot, *a priori*, exclude the trial testimony based upon the defendant's proffer.

■ In view of the above, the motion requesting exclusion of fingerprint evi-

---

4. Should a fingerprint technician assert a match with absolute certainty to the exclusion of all other worldly fingers, then the factor of falsifiability is present, thus allowing for the testing of the claim.

5. The court in *Havvard* notes that neither of the parties in that case had been able to call its attention to any reported cases rejecting fingerprint identification opinion testimony.

dence is denied without prejudice.[6]

6. The defense also seeks exclusion of the latent fingerprint evidence under Rule 403. However, should the specialized testimony pass the gatekeeper, then it is difficult to weigh the admitted testimony as unfairly prejudicial, while at the same time recognizing its definite probative value. It is equally difficult to ignore the fact that a single unexplained discrepancy between a latent print and a known exemplar is enough to falsify an opinion of identification. *United States v. Havvard,* 117 F.Supp.2d at 854.